UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

SIDNEY SWARTZ, MD

    Plaintiff,

v.                                                  CASE NO.:
                                  DIVISION:

INTERVENTIONAL REHABILITATION
OF SOUTH FLORIDA, INC.

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

SIDNEY SWARTZ, MD by and through undersigned counsel, brings this action against Defendant, INTERVENTIONAL REHABILITATION OF SOUTH FLORIDA, INC. for violation of the Federal False Claims Act ("FCA"), 31 U.S.C. §§3729 et seq. to recover all damages, civil penalties and all other recoveries provided under the FCA. He also brings this action under Florida Statutes§ 448.101, *et seq.*, commonly referred to as Florida's Private Sector Whistleblower Act.

## **JURISDICTION AND VENUE**

1. Jurisdiction is founded upon the federal False Claims Act, 31 U.S.C. §3729 et seq, and also 28 U.S.C. § 1331, 1345. The court has jurisdiction over plaintiff's state law claim.

2. The court has supplemental jurisdiction over Dr. Swartz' state law claim.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred that district. Specifically, defendant has or had an agent or agents, has or had contacts, and transacts or transacted business and their affairs in this judicial district.

### **PARTIES**

4. Plaintiff is a physician licensed in Florida who was employed by Defendants. In addition to his status as a licensee of the Florida Board of Medicine, Plaintiff is Board Certified by the American Board of Pain Medicine and by the American Society of Anesthesiology.

5. Defendant, Interventional Rehabilitation of South Florida, Inc. Is a Florida corporation which operates a medical practice with five offices. The patients who attend that practice are insured by Medicare, Medicaid, TRICARE and private insurance companies.

6. Envision/Sheridan is a national company owning/ managing physician practices.

7. Envision/Sheridan is the owner/management company of INTERVENTIONAL REHABILITATION OF SOUTH FLORIDA.

8. Defendant is a successor to Mid-Florida Anesthesia Associates, Inc.

## THE FEDERAL FALSE CLAIMS ACT

9. The Federal False Claims Act ("FCA"), 31 U.S.C. §§3729 – 3733, provides, *inter alia,* that any person who (1) "knowingly presents or causes to be presented, a false or fraudulent claim for payment or approval," or (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," is liable to the United States for a civil monetary penalty plus treble damages. 31 U.S.C. §3729(a)(1)(A)-(B)

10. The terms "knowing" and "knowingly" are defined to mean "that a person with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information."31 USC §3729(b)(1)(A)(i)-(iii). Proof of specific intent to defraud is not required. 31 U.S.C. §3729(b)(1)(B)

11. The term "claim" means "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that (1) is presented to an officer, employee, or agent of the United States; or (2) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (a) provides or

has provided any portion of the money or property requested or demanded; or (b) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded ..." 31 U.S.C. §3729 (b)(2)(A)(i)-(ii).

12. [T]he term "material" means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. §3729 (b) (4).

## THE MEDICARE PART B PROGRAM

13. Title XVIII of the Social Security Act, 42 U.S.C. §§1395 – 1395kkk-1, establishes the Health Insurance for the Aged and Disability Program, commonly referred to as Medicare. Entitlement to Medicare is based on age, disability, or affliction with end stage renal disease

14. Medicare is comprised of Parts A (hospital insurance), B (Medical Insurance), C (Managed-Care Plans), and D (Prescription Drug Program).

15. This case involves claims submitted to Medicare Part B because defendants are Part B providers

16. Medicare Part B is medical insurance and authorizes payment of federal funds for health services, including physician, laboratory, outpatient, diagnostic, and radiology services provided by licensed physicians in outpatient settings. *See*, 42 U.S.C. §1395k; 42 CFR §410.10

17. The Secretary of HHS has overall responsibility for the administration of Medicare. Within HHS, the responsibility for the administration Medicare has been delegated to CMS.

18. To assist in the administration Medicare Part B, CMS initially contracted with "carriers" or "fiscal intermediaries." Carriers, typically private insurance companies, were largely responsible for processing and paying Part B claims. 42 CFR §§421.1-421.3.

19. Beginning in November 2006, Medicare Administrative Contractors {"MAC's") began replacing carriers and fiscal intermediaries. *See* 42 U.S.C. §1395kk-1; 42 CFR §421.400 *et seq.;* 71F.R, 67960-01, at 68181 (November 24, 2006).MAC's generally act on behalf of CMS to pay Part B claims and perform administrative functions on a regional level.

20. Part B providers present claims to Medicare on the CMS Form 1500 Health Insurance Claim Form, where providers certify, inter alia, that they complied with all applicable regulations.

21. More specifically, the 1500 Form contains the following notice and certification:

> NOTICE: any person who knowingly files a statement of claim containing in the misrepresentation or any false, incomplete or misleading information may be guilty of a criminal act punishable under law and may be subject to civil penalties.

> NOTICE: this is to certify that the foregoing information is true, accurate and complete. I understand that payment and satisfaction of this claim will be from Federal and State funds, and that any false claims, statements, or documents, or concealment of a material fact, may be prosecuted under applicable Federal or State laws.

22. Part B providers make additional certifications to the Federal Government in provider enrollment agreements On CMS Form 855 b (Medicare Enrollment Application for clinics/group practices and certain other suppliers) and/or CMS Form 855 i (Medicare Enrollment Application for physicians and certain non-physician practitioners), including:

> I agree to abide by the Medicare laws, regulations and program instructions .... I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless direct disregard of their truth or falsity.

## **FACTS**

23. Plaintiff was employed pursuant to a written contract and amendments to the written contract. The contract and its amendments are attached to the complaint as Composite Exhibit "A."

6

24. Pursuant to the contract, as of October 2016, Plaintiff was a physician practicing medicine and also the Director of Pain Management Services with responsibility for:

    (a) the quality of pain management services;

    (b) institution and development of new pain procedures and standards of care for pain procedures; and

    (c) oversight of stem cell and regenerative procedures and development of standard of care for stem cell and regenerative procedures.

25. Accordingly, Plaintiff practiced medicine as a physician and had access to the systems and records maintained by the Defendants as to the medical practices of other physicians employed by the Defendants.

26. A licensed physician must maintain medical records. Defendants used a system of electronically maintained records into which the physicians were supposed to enter their notes of the care they provided to the patient as well as other required elements, including the history and physical pertinent to the particular patient.

27. Billing for medical services is performed on the basis of the medical record and their accuracy is essential to ensure that the patient's medical care is recorded and that the bill sent to the governmental agencies overseeing Medicare, Medicaid and TRICARE, as well as private insurers , is correct and does not reflect overbilling and thus fraud.

28. It was a common practice for a patient to be provided care and for the doctor who provided that care to ask his or her medical assistant to make the appropriate notations in the medical record. This practice is unlawful and constitutes a violation of regulations issued in the Medicare and Medicaid programs.

29. It was a common practice for the physician to perform a limited physical examination and to ask the medical assistant to fill out the rest of the form so that it would appear that a full physical examination was performed. This practice is unlawful and results in a fraudulent bill because the government, private insurers and the patients are billed for a full physical examination.

30. It was a common practice for nurses to perform the physical examination even though performing a physical examination is outside of the scope of practice of a nurse who has not received advanced training and been tested and certified as an Advanced Registered Nurse Practitioner. The notes of the history and physical performed unlawfully by the nurses were utilized by Defendants in billing patients, the government and private insurers for medical care. Rendering a false bill is unlawful.

31. Plaintiff became concerned about Defendants' unlawful practices and began to object to them. He reported the unlawful practices to Scott Wilson, Director of Human Resources, Stacy Weinstein, and to

Denice Hopf, VP, Pain Management and Office Based Joint Ventures Envision/Sheridan.

32. Shortly after he reported his objections to Denice Hopf, she and Scott Wilson met the Plaintiff and terminated him effective immediately because of his opposition to Defendants' unlawful practices.

33. As a physician, the Plaintiff was the top revenue producer in Defendants' medical practice.

34. At the time of his unlawful discharge, was being paid a salary and provided benefits of value to him.

35. As a result of Defendants' unlawful discharge of him, Plaintiff has been deprived of that salary and benefits and has suffered a loss of enjoyment of life.

36. Because of the contractual provision that prohibits competition in the market area in which Plaintiff was known and could practice, Plaintiff has been forced to travel to mitigate his damages thus incurring additional inconvenience and expense.

37. Plaintiff has hired the undersigned lawyers and agreed to pay them a fee.

## COUNT I – VIOLATION OF THE FCA

38. This is an action for damages arising from the unlawful discharge of the plaintiff as a result of his opposition to the unlawful billing practices set forth above.

39. Plaintiff adopts and incorporates paragraphs 1 through 37 above.

40. Plaintiff was discharged as a result of his opposition to the unlawful billing practices set forth above.

41. Plaintiff has been damaged as a result of his discharge, including the loss of pay and benefits as well as the loss of enjoyment of life.

Wherefore, Plaintiff asked the Court:

    a) take jurisdiction over the cause and the parties;

    b) grant Plaintiff a jury by trial;

    c) award Plaintiff damages, including lost pay and interest;

    d) award those special damages which are compensanable under this statute;

    e) the amount of back pay and special damages be doubled in accordance with 31 U.S.C. § 3730(h)(2); and

    f) award Plaintiff litigation costs and reasonable attorney's fees.

## COUNT II -VIOLATION OF THE FLORIDA
## PRIVATE SECTOR WHISTLEBLOWER ACT

42. This is an action brought under Florida's Private Sector Whistleblower Act.

43. Plaintiff adopts and incorporates paragraphs 1 through 37 above.

44. Plaintiff was discharged as a result of his opposition to the unlawful billing practices set forth above.

45. It has been damaged as a result of his discharge, including loss of pay and benefits as well as the loss of enjoyment of life.

Wherefore, The plaintiff asks that the court:

    a. take jurisdiction over the cause and the parties;

    b. grant him a trial by jury;

    c. enter an award of damages;

    d. enter an award of his costs and his attorney's fees; and

    e. grant such other relief as is just and equitable

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of March, 2021.

        Respectfully submitted,

         *s/ Steven G. Wenzel*
        Steven G. Wenzel
        FBN: 159055
        Wenzel Fenton Cabassa P.A.
        1110 N. Florida Avenue
        Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Direct No.: (813) 223-6545
        Facsimile No.: 813-229-8712
        Email: swenzel@wfclaw.com
        Email: rcooke@wfclaw.com
        Attorneys for Plaintiff